# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. PEZANT, | CASE NO. 1:11-cv–00564-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| v. | (ECF No. 18) |
| F. GONZALEZ, et al., | |
| Defendants. | |

Plaintiff Jason R. Pezant is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 4, 2012, Plaintiff filed a motion for a temporary restraining order preventing prison officials from housing him with Black Gorilla Family gang members. (ECF No. 18.) On June 13, 2012, the undersigned screened Plaintiff's first amended complaint and an order issued requiring Plaintiff to either file a second amended complaint or notify the Court that he was willing to proceed on the claims found to be cognizable in the first amended complaint. (ECF No. 19.) On July 9, 2012, Plaintiff filed a change of address form indicating he has been transferred to California State Prison Corcoran. (ECF No. 22.)

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert. denied, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149

1  (2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

2  In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

Plaintiff's claims in this action are against officials at the California Correctional Institution, Tehachapi.  In this instance, the Court does not have jurisdiction over prison officials at California State Prison, Corcoran, where Plaintiff is currently housed.  Accordingly, Plaintiff's motion for a temporary restraining order is HEREBY DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **July 11, 2012**              /s/ **Barbara A. McAuliffe**
                                                             UNITED STATES MAGISTRATE JUDGE