# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. PEZANT, | CASE NO. 1:11-cv–00564-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 20) |
| F. GONZALEZ, et al., | FIFTEEN DAY DEADLINE |
| Defendants. | |

Plaintiff Jason R. Pezant is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on April 6, 2011.  (ECF No. 1.) On April 18, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 5.) On June 13, 2012, the undersigned screened Plaintiff's first amended complaint and an order issued requiring Plaintiff to either file a second amended complaint or notify the Court that he was willing to proceed on the claims found to be cognizable in the first amended complaint.  (ECF No. 19.)  On June 29, 2012, Plaintiff filed a motion for reconsideration.  (ECF No. 20.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Plaintiff argues that his first amended complaint must be served on all defendants and that his complaint clearly stated

a claim against Defendants in this action.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, only those defendants against whom the Court finds that Plaintiff has stated a cognizable claim shall be served with a copy of the complaint.

While Plaintiff states that his first complaint stated a claim against all defendants named in the complaint, the Court screened his complaint and found that his factual allegations were only sufficient to state a claim against Defendants Turmezei, Buechner and Jakabosky for using an allegedly vague and overbroad regulation to validate Plaintiff as a gang member. Plaintiff's motion for reconsideration is devoid of any ground entitling Plaintiff to reconsideration of the Court's order and is denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed June 29, 2012, is DENIED;
2. Within fifteen days from the date of service of this order Plaintiff shall file a notice or amended complaint in compliance with the order issued June 13, 2012; and
3. Failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   July 11, 2012              /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE