1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JASON R. PEZANT,                            CASE NO. 1:11-cv–00564-BAM PC

10                    Plaintiff,               ORDER DISMISSING CERTAIN CLAIMS AND
                                               DEFENDANTS FOR FAILURE TO STATE A
11        v.                                   CLAIM

12   F. GONZALEZ, et al.,                      (ECF Nos. 17, 19, 25)

13                    Defendants.              ORDER DENYING PLAINTIFF'S MOTION FOR
                                               DEFINITIVE DETERMINATION ON
14                                             COMPLAINT

15                                             (ECF No. 28)

16   _____/

17        Plaintiff Jason R. Pezant is a state prisoner proceeding pro se and in forma pauperis in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on April 6, 2011.  On January

19   17, 2012, Plaintiff's complaint was dismissed, with leave to file an amended complaint within thirty

20   days.  On March 23, 2012, Plaintiff filed a first amended complaint that was stricken from the record

21   for failing to comply with the January 17, 2012, order.  Plaintiff filed a first amended complaint on

22   May 4, 2012.

23        The Court screened Plaintiff's first amended complaint on June 13, 2012, and found it states

24   a cognizable claim against Defendants Turmezei, Buechner and Jakabosky for using allegedly vague

25   and overbroad regulations to validate Plaintiff as a gang member, but does not state any other claims

26   for relief under section 1983.  Plaintiff was ordered to either file an amended complaint or notify the

27   court that he wished to proceed on the claims found to be cognizable within thirty days.

28        Plaintiff filed a motion for reconsideration of the screening order that was denied on July 12,

1

2012, and Plaintiff was ordered to either notify the court that he was willing to proceed on the claims found to be cognizable or file an amended complaint within fifteen days.  Plaintiff filed a notice on July 26, 2012, stating that he wanted to stand on the first amended complaint and appeal the screening order.[1]  On August 8, 2012, Plaintiff filed a request for the District Court to enter a definite determination of the first amended complaint.

In the motion filed August 8, 2012, Plaintiff requests reconsideration of the screening order by the District Court.  Plaintiff's request for reconsideration of the June 16, 2012, screening order by the District Court shall be denied.  Plaintiff consented to Magistrate Judge jurisdiction on April 18, 2011, and therefore, this action is assigned to the undersigned to resolve all pending matters pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California.  (ECF No. 5.)  Furthermore, a party's disagreement with a court's ruling provides no basis for the withdrawal of consent.  Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

A plaintiff whose complaint has been dismissed with leave to amend is permitted to decline to amend the complaint and elect to stand on the dismissed complaint in order to obtain an appealable final judgment if the requirements for a final appealable judgment are satisfied.  See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004); WMX Technologies, Inc. V. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Lopez v. City of Needles, 95 F.3d 20, 22 (9th Cir. 1996).  Where a plaintiff files a notice of intent to stand on the complaint, the court should dismiss all claims, with prejudice.  Edwards, 356 F.3d at 1064.

However, in this instance, Plaintiff's complaint has not been dismissed, with leave to amend.  Plaintiff has stated cognizable claims and has been ordered to either notify the Court that he is willing to proceed on the cognizable claims or file an amended complaint.  Accordingly, the Court shall construe Plaintiff's request that he wants to stand on the complaint as notice that he does not want to file an amended complaint and will proceed on the claims found to be cognizable in the amended complaint.

[1]The order was docketed incorrectly as a notice of appeal and processed to the Ninth Circuit on July 26, 2012.

2

To the extent that Plaintiff seeks to obtain an interlocutory appeal of the Court's screening order, under 28 U.S.C. § 1291, the court of appeals has jurisdiction over final decisions of the district court.  Couch v. Telescope Inc. 611 F3.d 629, 632 (9th Cir. 2010).  An interlocutory appeal should only be granted in exceptional circumstances where "allowing an interlocutory appeal would avoid protracted and expensive litigation."  In re Cement Antitrust Litigation (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982).  However, the district court may certify an order that is otherwise not appealable where "such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Couch, 611 F.3d at 311 (quoting 28 U.S.C. § 1292(b)).  "Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's teeth rare."  Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004).  "Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function."  Weber v. United States, 484 F.3d 154, 159, n.3 (2nd Cir. 2007).

An issue is controlling if its resolution could materially affect the outcome of the litigation.  In re Cement Litigation, 673 F.2d at 1026.  Section 1292(b) requires "that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."  McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).  Section 1292(b) appeals should be reserved for "an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'"  McFarlin, 381 F.3d at 1258 (quoting Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674, 677 (7th Cir. 2000)).

In this instance, Plaintiff disagrees with the screening order of the Court finding that the first amended complaint failed to state certain claims.  Reviewing this issue would require extensive factual review, essentially a re-screening of Plaintiff's first amended complaint, which is "the antithesis of a proper section 1292(b) appeal," McFarlin, 381 F.3d at 1259, and does not involve a controlling question of law to justify certification for appeal under section 1292(b).

Courts will generally find that there is a substantial ground for a difference of legal opinion

where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Couch, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). There is no difference of legal opinion as to the issues Plaintiff challenges. The only difference of opinion raised by Plaintiff is his opinion that the Court erred in determining that his allegations do not state a cognizable claim. The Court analyzed Plaintiff's factual allegations and construed all inferences in the light most favorable to Plaintiff. A current review reveals a lack of substantial ground for dispute. Plaintiff's disagreement with the screening order does not give rise to a substantial ground for dispute. Couch, 611 F.3d at 633.

Finally, allowing an interlocutory appeal would not materially advance this action, but would increase the chances of delay. If this action was certified for interlocutory appeal by this Court and accepted by the Ninth Circuit for appeal, and a ruling was made in Plaintiff's favor, most likely the case would be remanded to this Court to re-screen the complaint. This is the exact same posture of the action at this time. The Court fails to find that the order at issue in this action meets the criteria required to certify an interlocutory appeal.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1.  This action shall proceed on the first amended complaint, filed May 4, 2012, against Defendants Turmezei, Buechner and Jakabosky for using allegedly vague and overbroad regulations to validate Plaintiff as a gang member;

2.  Defendants Gonzalez, Holland, Steadman, Lundy, Hopkin, Gutierrez, Tyree, Noyce, Sigston, Nicolson, Sampson, Allen, Foston, Stelter, Liles, Barnes, Powell, Walker, and Chamberlin are dismissed from this action for Plaintiff's failure to state a claim against them under section 1983;

3.  Plaintiff's retaliation claim against Defendant Sigston is dismissed as improperly joined in this action;

4.  Plaintiff's official capacity and supervisory liability claims are dismissed, with prejudice, for failure to state a claim;

5.      Plaintiff's remaining First, Eighth, and Fourteenth Amendment, and conspiracy claims are dismissed, with prejudice, for Plaintiff's failure to state a cognizable claim; and

6.      Plaintiff's motion for a definitive determination of the first amended complaint, filed August 8, 2012, is denied.


IT IS SO ORDERED.

**Dated:**    **August 8, 2012**            /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE