UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. PEZANT,<br><br>    Plaintiff,<br><br>    v.<br><br>M. BUECHNER, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00564-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF NO. 38)<br><br>**THIRTY-DAY DEADLINE** |

I.   **Introduction**

    Plaintiff Jason R. Pezant ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 6, 2011. On August 9, 2012, pursuant to 28 U.S.C. § 1915A, the Court issued an order that this action proceed on Plaintiff's first amended complaint against Defendants Turmezei, Buechner, and Jakabosky for using allegedly vague and overbroad regulations to validate Plaintiff as a gang member. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

    On January 16, 2013, Defendants filed the instant motion to dismiss for failure to state a claim and because Plaintiff's claims are barred by res judicata and qualified immunity. Fed. R. Civ. P.

12(b). Plaintiff filed an opposition on February 4, 2013. (ECF No. 42.) Defendants filed a reply on February 8, 2013. (ECF No. 43.) The motion is deemed submitted. Local Rule 230(l).

**II. Discussion**

    **A. Relevant Allegations in Plaintiff's First Amended Complaint**

The events alleged in Plaintiff's first amended complaint occurred while Plaintiff was in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and incarcerated at the California Correctional Institution, Tehachapi. Plaintiff alleges as follows:

On March 19, 2010, correctional officers searched his cell and confiscated some of his correspondence, photos and over 400 pages of Black History Research and African religious literature. (First Am. Compl. ¶ 36.)

On April 8, 2010, Defendant Turmezei summoned Plaintiff to the program office and presented Plaintiff with several chronos documenting some of the confiscated materials. (Id. at ¶ 38.) Defendant Turmezei alleged that the following source documents established Plaintiff as a prison gang associate: 1) a confidential memo dated April 7, 2010, which stated that Plaintiff wrote an outgoing letter evidencing his association with a validated gang member; 2) a confidential memo dated April 6, 2010, which stated that Plaintiff's property revealed "a reflective revolutionary styled writing" that "contained specific revolutionary language and identifiers showing [Plaintiff's] association with the BGF [Black Guerrilla Family]"; 3) a confidential chrono dated March 25, 2010, which stated that a search of Plaintiff's property revealed a two-page "historical overview of the history of the BGF" and "identified founder" George Jackson; 4) a chrono dated April 21, 2009, which stated that Plaintiff's property revealed two symbols evidencing Plaintiff's association with the BGF, a drawing containing the image of George Jackson and a drawing containing the image of a Black man restrained by officers with "Blood In My Eye" the title of George Jackson's book, both of which showed his allegiance, loyalty, and association with the BGF; 5) a chrono dated March 25, 2012, which stated that Plaintiff's property revealed a cut-out picture of George Jackson and showed his loyalty to the BGF prison gang; 6) a chrono dated March 25, 2010, which stated that Plaintiff's property revealed a cut-out magazine picture of a gorilla and that members and associates of the BGF use images of gorillas. (Id. at ¶ 39.)

Plaintiff was given copies of the chronos and taken to administrative segregation. (Id. at ¶ 40.) Plaintiff wrote his responses to the allegations and repeatedly asked for the opportunity to gather and present evidence from his property to prove his non-affiliation with prison gangs. Plaintiff alleges that Defendant Turmezei clearly selected tidbits of information and skewed them out of context. (Id. at ¶ 41.)

On April 9, 2010, Defendant Turmezei retrieved Plaintiff's written response to the allegations and Plaintiff verbally reiterated his request to present exonerating evidence, but Defendant Turmezei submitted the validation package to his superiors that same day. (Id. at ¶¶ 42, 43.) Plaintiff filed requests to submit evidence to Defendant Turmezei's superiors, which were denied or went unanswered. (Id. at ¶¶ 45, 46.)

On May 17, 2010, Defendants Buechner and Jakabosky validated Plaintiff as a BGF associate, using California Code of Regulations title 15, §§ 3000, 3001, 3023, 3321, and 3378. (Id. at ¶¶ 49, 107 & 150.) Because of his gang validation, Plaintiff was endorsed to serve an indefinite term in the security housing unit (SHU) on August 16, 2010. (Id. at ¶ 60.)

Plaintiff alleges that the regulations used to validate him as a BGF associate are "unconstitutionally vague" and "overbroad." (Id. at ¶¶ 116, 117.) Specifically, he claims that the regulations "are vague in that they fail to clearly define their prohibitions, do not provide explicit standards for those who enforce them, and are overbroad in that they sweep within their grasp conduct which cannot be punished under the United States Constitution." (Id. at 149.)

**B.     Res Judicata**

Defendants move to dismiss Plaintiff's first amended complaint on three separate grounds: (1) as barred by res judicata; (2) for failure to state a claim; and (3) qualified immunity. As the Court finds Defendants' argument regarding res judicata to be dispositive of the matter, discussion is limited solely to this argument.[1] Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (res judicata can be

---

[1] As to Defendants' argument that Plaintiff fails to state a claim, it is noted that the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, and found that it states a claim against Defendants Turmezei, Buechner, and Jakabosky for using allegedly vague and overbroad regulations to validate Plaintiff as a gang member. (ECF Nos. 29, 30.) Although the existence of a screening order is not a complete bar to a subsequent Rule 12(b)(6) motion for failure to state a claim, the legal standard for screening and for 12(b)(6) motions is the same, 28 U.S.C. § 1915A;

raised in a motion to dismiss when it presents no disputed issues of fact; court took judicial notice from the court files in both cases that the issues were the same).

Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Res judicata applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id.

Defendants argue that the instant action is barred by the doctrine of res judicata because Plaintiff is attempting to litigate the same constitutional challenge to the gang-validation regulations that he brought in a federal habeas action, which was denied on the merits in August 2012. Plaintiff counters that his federal habeas action does not serve as res judicata because he is seeking damages. In other words, Plaintiff argues that res judicata does not apply because the relief available in his habeas action differs from the relief available to him in this section 1983 action. Plaintiff's argument and reliance on cases from other circuits is not persuasive. The Ninth Circuit has determined that a federal habeas corpus judgment can have res judicata effect in a separate section 1983 civil rights action even though different relief is sought. Hawkins v. Risley, 984 F.2d 321, 324-25 (9th Cir. 1993).

The Court now assesses whether Plaintiff's federal habeas corpus action has res judicata effect and bars Plaintiff's sole remaining claim in this action.

        1.   <u>Identity of Claims</u>

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (citing Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

Plaintiff initiated this action on April 6, 2011, and filed the operative first amended complaint on May 4, 2012. The sole remaining claim in that complaint is a challenge to the prison regulations used to validate him as a prison gang member as unconstitutionally vague and overbroad. (First Am. Compl. ¶¶ 116, 117.) In the interim, on November 1, 2011, Plaintiff filed a petition for writ of habeas

---

Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012), and the screening order may not be ignored or disregarded, Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) (discussing law of the case doctrine).

corpus in this district court, which is identified as Pezant v. Stainer, 1:11-cv-01819 LJO JLT.[2] In his petition, Plaintiff complained of his validation as an associate of the BGF by prison officials Buechner and Jakabosky and his resulting confinement in administrative segregation.  (Pezant v. Stainer, 1:11-cv-01819 LJO JLT, Doc. 1, pp. 24-25.)  As part of his petition, Plaintiff challenged the regulations used to validate him as a BGF gang associate, California Code of Regulations title 15, §§ 3000, 3023 and 3378, as unconstitutionally vague and overbroad.  (Pezant v. Stainer, 1:11-cv-01819 LJO JLT, Doc. 1, pp. 40-41.)

The instant action and the habeas petition in Pezant v. Stainer involve identical questions of law and fact.  Indeed, both actions involve Plaintiff's claim that the prison regulations used to validate him as a gang member are vague and overbroad and both actions arise out of the same transactional nucleus of operative facts, i.e., his validation as a BGF gang member by Officers Buechner and Jakabosky in May 2010 and his subsequent confinement in administrative segregation.  The Court therefore finds an identity of claims.

### 2.  Final Judgment on the Merits

Following briefing by the parties, the court in Pezant v. Stainer considered Plaintiff's challenge to the regulations regarding gang validation as unconstitutionally vague and overbroad.  (Pezant v. Stainer, 1:11-cv-01819 LJO JLT, Doc. 18, pp. 19-20.)  The Court dismissed and denied the petition for writ of habeas corpus and the Clerk of the Court entered judgment.  (Pezant v. Stainer, 1:11-cv-01819 LJO JLT, Docs. 22, 23.)  Although the Court declined to issue a certificate of appealability, Plaintiff filed a notice of appeal on September 10, 2012.  (Pezant v. Stainer, 1:11-cv-01819 LJO JLT, Docs. 22, 24.)  The Ninth Circuit denied Plaintiff's request for a certificate of appealability on August 29, 2013.  (Pezant v. Stainer, 1:11-cv-01819 LJO JLT, Doc. 27.)  No appeal may be taken absent such a certificate.  See 28 U.S.C. § 2253(c)(2).  The Court therefore finds that Plaintiff's claim reached a final adjudication on the merits in Pezant v. Stainer.

---

[2]   Defendants request that the Court take judicial notice of Plaintiff's federal habeas proceeding.  Defendants' request is GRANTED.  The Court properly may take judicial notice of court filings.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

### 3. Identity or Privity Between the Parties

In Pezant v. Stainer, Plaintiff brought his habeas petition against the CDCR Director and the Warden of the California Correctional Institution, an employee of the CDCR. (Pezant v. Stainer, 1:11-cv-01819 LJO JLT, Doc. 1, p. 25.) Here, Plaintiff is pursuing his claim against CDCR employees Buechner, Jakabosky and Turmezei. (First Am. Compl. ¶¶ 10, 19.)

The Court finds there is privity between the Defendants in the instant action and the Respondents in the habeas action because they are all employees of the CDCR. See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992); see also Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) (finding privity between officers of the same government so that a judgment in a suit between a party and a representative of the government is res judicata in relitigation of the same issue between that party and another officer of the government); Church of New Song v. Establishment of Religion on Taxpayers' Money, 620 F.2d 648, 654 (7th Cir. 1980) (finding privity since both suits were brought against employees of the Federal Bureau of Prisons).

### V. Conclusion and Recommendations

For the reasons stated, the Court finds that Plaintiff's claim in the instant action is barred by the doctrine of res judicata. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Defendants' motion to dismiss be GRANTED; and
2. This action be DISMISSED as barred by the doctrine of res judicata.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30)** days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 24, 2013**                    /s/ Barbara A. McAuliffe
                                                 UNITED STATES MAGISTRATE JUDGE